UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KURT KARNER, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>     v.<br><br>MGT CAPITAL INVESTMENTS, INC., and ROBERT B. LADD,<br><br>                        Defendants. | Case No. 1:16-cv-07423-GHW |

**MEMORANDUM OF LAW IN SUPPORT OF KURT KARNER AND MARK WATERS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD <u>COUNSEL</u>**

Kurt Karner and Mark Waters ("Movants") respectfully submit this memorandum of law in support of their motion to appoint Movants as lead plaintiff and to approve Glancy Prongay & Murray LLP as lead counsel pursuant to § 27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1 (a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of purchasers of MGT Capital Investments, Inc. ("MGT") securities.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the person or group of persons with the largest financial interest in the relief sought by the Class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims, and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Glancy Prongay & Murray LLP as lead counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## I.   FACTUAL BACKGROUND

This is a class action on behalf of persons and entities that acquired MGT securities between May 9, 2016, and September 20, 2016, inclusive (the "Class Period"), against the

Defendants, seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

The complaint filed in this lawsuit alleges that the Company misled investors regarding a proposed a merger with D-Vasive, Inc. ("D-Vasive"). Specifically, the complaint alleges that: (1) that the Company was engaging and/or had engaged in conduct that would result in an SEC investigation; (2) that the SEC investigation and the underlying conduct would cause the NYSE to refuse to list the Company's 43.8 million shares required for the DVasive merger; (3) that, as such, the D-Vasive merger would likely not be completed; and (4) that, as a result of the foregoing, Defendants' statements about MGT's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

## II.   PROCEDURAL HISTORY

Plaintiff and Movant Kurt Karner commenced a putative class action lawsuit against defendants on September 22, 2016 in the United States District Court, Southern District of New York, *Karner v. MGT Capital Investments Inc., et al.*, Case No. 1:16-cv-07423. The following day, September 23, 2016, counsel for Movants published a notice on *Business Wire*, announcing that a securities class action had been initiated against defendants herein.

## III.   ARGUMENT

### A.   Movants Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

>   (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
>   (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a Movants as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

>   (aa) will not fairly and adequately protect the interest of the class; or
>
>   (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movants have, to the best of their knowledge, the largest financial interest in this litigation, and he meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movants are not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movants respectfully submits that they should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movants Filed a Timely Motion

On September 23, 2016 pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), counsel for Karner published a notice of the pendency of Karner case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against Defendants herein and advising purchasers of MGT Capital Investments, Inc. securities that they had the right to file a motion to be appointed as lead plaintiff. *See* Declaration of Lesley F. Portnoy ("Portnoy Decl.") at Exhibit ("Exh.") A; *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-63 (D. Mass. 1996) (publication on a national wire service satisfies the PSLRA notice requirement).

Movants timely filed this motion within the 60-day period following publication of the September 23, 2016 PSLRA notice, and submit herewith their sworn certification and attest that they are willing to serve as representative of the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Portnoy Decl., Exh. B. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2. Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movants purchased MGT securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of approximately $218,000. *See* Portnoy Decl., Exh. C. To the best of their knowledge, Movants are not aware of any other Class member claiming larger financial losses that have filed a motion for appointment as lead plaintiff. Movants believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a Movants need only make a preliminary showing that they satisfy Rule 23's typicality

and adequacy requirements.  *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a. Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory.  *See Kuriakose,* 2008 WL 4974839 at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members.  *Id*.

Movants' claims are typical of the claims asserted by the proposed Class.  Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning MGT's business, operations, and financial prospects violated the federal securities laws.  Movants, like all of the members of the Class, purchased MGT securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby.  Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b. Movants are Adequate Representatives

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *City of Monroe*, 269 F.R.D. at 297.

Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Portnoy

Decl., Exh. C.  Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

### C.     The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274.  Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Here, Movants have retained Glancy Prongay & Murray LLP to pursue this litigation on their behalf and will retain the firm as the Class's lead counsel in the event they are appointed lead plaintiff.  Glancy Prongay & Murray LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Portnoy Decl. as Exh. D.  Thus, the Court may be assured that, by granting Movants' Motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request the Court to grant their Motion and enter an Order (1) appointing Movants as lead plaintiff; (2) approving the selection of Glancy Prongay & Murray LLP as lead counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: November 21, 2016 | GLANCY PRONGAY & MURRAY LLP |
|  | By: *s/ Lesley F. Portnoy* |
|  | Lesley F. Portnoy (LP-1941)<br>122 East 42nd Street, Suite 2920<br>New York, New York 10168<br>Telephone: (212) 682-5340<br>Facsimile: (212) 884-0988<br>lportnoy@glancylaw.com |
|  | -and- |
|  | GLANCY PRONGAY & MURRAY LLP<br>Lionel Z. Glancy<br>Robert V. Prongay<br>Casey E. Sadler<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160 |
|  | *[Proposed] Lead Counsel for Movants and the Class* |

8

**PROOF OF SERVICE BY ELECTRONIC POSTING PURSUANT TO SOUTHERN DISTRICT OF NEW YORK ECF AND LOCAL RULES AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 21, 2016, I served true and correct copies of **MEMORANDUM OF LAW IN SUPPORT OF KURT KARNER AND MARK WATERS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 21, 2016 at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy

# Mailing Information for a Case 1:16-cv-07423-GHW Karner, et al v. MGT Capital Investments, Inc., et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lesley Frank Portnoy**
  LPortnoy@glancylaw.com,info@glancylaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)