UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN EXLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MGT CAPITAL INVESTMENTS, INC., and ROBERT B. LADD,<br><br>Defendants. | Civil Action No. 1:16-cv-07415-NRB |
| KURT KARNER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MGT CAPITAL INVESTMENTS, INC., and ROBERT B. LADD,<br><br>Defendants. | Civil Action No. 1:16-cv-07423-NRB |
| STEPHEN MAYER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MGT CAPITAL INVESTMENTS, INC., ROBERT B. LADD, and JOHN MCAFEE,<br><br>Defendants. | Civil Action No. 1:16-cv-07449-NRB |

**DEFENDANTS' RESPONSE TO PROSPECTIVE LEAD PLAINTIFFS'
MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND
<u>LEAD COUNSEL AND FOR CONSOLIDATION</u>**

Defendants MGT Capital Investments, Inc. and Robert B. Ladd ("MGT" or the "Company") respectfully submit this response to advise the Court that they (a) agree with Movants in the above-

captioned actions (the "Related Actions") that consolidation of the Related Actions would be the most efficient course for this litigation, and (b) take no position on Movants' requests for appointment of lead plaintiff or lead counsel.

## BACKGROUND

Pending before the Court are three securities class actions against defendants: (i) *Exley v. MGT Capital Investments, Inc. & Robert B. Ladd*, Case No. 1:16-cv-07415 (S.D.N.Y. Sept. 22, 2016) ("*Exley*"); (ii) *Karner v. MGT Capital Investments, Inc. & Robert B. Ladd*, Case No. 1:16-cv-07423 (S.D.N.Y. Sept. 22, 2016) ("*Karner*"); and (iii) *Mayer v. MGT Capital Investments, Inc. & Robert B. Ladd*, Case No. 1:16-cv-07449 (S.D.N.Y. Sept. 23, 2016) ("*Mayer*").  Movants have filed four separate motions for appointment as lead plaintiff, for approval of lead counsel, and/or for consolidation of the Related Actions.  *See* Motion of Jalmar Araujo to Consolidate all Related Actions and for Appointment as Lead Plaintiff and Approval of his Selection of Counsel (*Exley* DE 6); Notice of Motion of Paul Skittone to: (1) Consolidate Related Actions; (2) Appoint Lead Plaintiff; and (3) Approve Lead Plaintiff's Selection of Counsel (*id.* DE 9); Notice of Motion and Motion of Danny T. Nguyen and Song Suh for Consolidation, Appointment as Lead Plaintiffs, and Approval of Counsel (*id*. DE 11); Notice of Motion and Motion of Kurt Karner and Mark Waters for Appointment as Lead Plaintiff and Approval of Lead Counsel (*Karner* DE 10) (collectively the "Motions").  Of the plaintiffs who had filed the Related Actions, only Kurt Karner and Mark Waters have moved for appointment as lead plaintiffs.  (*Id*.)  Each of the law firms representing the original plaintiffs now seeks appointment as lead counsel through representation of other clients, namely, one or more of the Movants.  In addition, Movant Paul Skittone seeks the appointment of the Rosen Law Firm, P.A. as lead counsel (*Exley* DE 9) and Movants Danny T. Nguyen and Song Suh seek the appointment of Goldberg Law PC as co-lead counsel (*id*. DE 11).

**DEFENDANTS' RESPONSE**

<u>Motions for Consolidation</u>.  Defendants agree that consolidation of the Related Actions would be the most efficient course for this litigation.  Indeed, given the substantial overlap of the three complaints, all three of the Related Actions have been assigned to this Court as related.  *See Karner*, ECF Notice of Case Reassignment to Judge Naomi Reice Buchwald, entered November 29, 2016.

Consolidation is proper under Fed. R. Civ. P. 42(a) where more than one action in the same court involves a common question of law or fact.  Courts strongly favor consolidation of securities class actions subject to the Private Securities Litigation Reform Act ("PSLRA") when "[j]udicial convenience and economy will be promoted by consolidation [and] will also avoid unnecessary costs to the parties."  *In re Bank of America Corp. Sec., Derivative and ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009).

The complaints in the Related Actions are similar to the point of being "cookie cutter" pleadings.  Each bases its claim of securities fraud on the rather remarkable notion that statements made by the Company in May 2016 were somehow false because they failed to disclose facts that did not occur until September 2016 (to wit, the receipt of an SEC subpoena and a decision by the New York Stock Exchange not to list newly-issued MGT stock).  Another commonality is their utter failure to offer any scienter allegations remotely approaching the demanding standard of the PSLRA, which requires that a plaintiff must, "with respect to each act or omission alleged to violate [the applicable federal securities fraud laws], state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2).

Defendants fully expect to elaborate on these and other fatal pleading defects in their prospective motions to dismiss these three complaints or, should the Court grant consolidation, any complaint in a consolidated action containing allegations similar to those offered in the Related

Actions' complaints.  Judicial efficiency would best be served by permitting Defendants to file one motion to dismiss a consolidated action, rather than three.

<u>Motions for Appointment of Lead Plaintiff and Lead Counsel</u>.  Defendants take no position on these motions.

## CONCLUSION

For the reasons stated above, Defendants respectfully submit that the Related Actions should be consolidated and take no position on the motions for appointment of lead plaintiff and lead counsel.

Respectfully submitted,

Dated:   December 5, 2016

                KRAMER LEVIN NAFTALIS &
                FRANKEL LLP

                *By: /s/ John P. Coffey*
                John P. Coffey
                Alejandro G. Ortega (admission pending)
                1177 Avenue of the Americas
                New York, New York 10036
                Telephone: 212-715-9100
                Facsimile: 212-715-8000
                Email : scoffey@kramerlevin.com

                *Attorneys for Defendants MGT Capital*
                *Investments, Inc. and Robert B. Ladd*