**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN EXLEY, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:16-cv-07415 |
| Plaintiff, | |
| v. | |
| MGT CAPITAL INVESTMENTS, INC., and ROBERT B. LADD, | |
| Defendants. | |
| KURT KARNER, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:16-cv-07423 |
| Plaintiff, | |
| v. | |
| MGT CAPITAL INVESTMENTS, INC., and ROBERT B. LADD, | |
| Defendants. | |
| STEPHEN MAYER, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:16-cv-07449 |
| Plaintiff, | |
| v. | |
| MGT CAPITAL INVESTMENTS, INC., ROBERT B. LADD, and JOHN MCAFEE, | |
| Defendants. | |

**MEMORANDUM OF LAW OF JALMAR ARAUJO IN OPPOSITION TO THE
MOTIONS OF ALL OTHER MOVANTS FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT .................................................................................................... 2

  A.  The Competing Movants.............................................................................. 2

  B.  The Group Movants Are Contrived By Their Lawyers And Should Be Disregarded........ 3

  C.  Araujo Should Be Appointed Lead Plaintiff.................................................... 7

III.  CONCLUSION.................................................................................................. 8

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,*
   252 F.R.D. 188 (S.D.N.Y. Aug. 6, 2008) ....................................................................... 7

*Burke v. Ruttenberg,*
   102 F.Supp.2d 1280 (N.D.Ala. Apr. 7, 2000) ............................................................... 6

*Chill v. Green Tree Fin. Corp.,*
   181 F.R.D. 398 (D.Minn. Jan. 29, 1998) ...................................................................... 6

*City of Pontiac Gen. Employees' Ret. Sys. v. Lockheed Martin Corp.,*
   844 F. Supp. 2d 498 (S.D.N.Y. July 13, 2012) ............................................................ 5

*In re Pfizer Inc. Securities Litigation,*
   233 F.R.D. 334 (S.D.N.Y. Oct. 21, 2005) .................................................................... 4

*In re Razorfish, Inc. Securities Litigation,*
   143 F. Supp. 2d 304 (S.D.N.Y. May 4, 2001) ............................................................. 4

*In re Tarragon Grp. Sec. Litig.,*
   No. 07 Civ 7972 (PKC), 2007 WL 4302732 (S.D.N.Y. Dec. 6, 2007) ........................... 1, 3, 4

*In re Third Ave. Mgmt. LLC Sec. Litig.,*
   No. 16-CV-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016) ......................... 4

*Kaplan v. Gelfond,*
   240 F.R.D. 88 (S.D.N.Y. Jan 18, 2007) ........................................................................ 8

*Rosian v. Magnum Hunter Res. Corp.,*
   13 cv 2668 (KBF), 2013 WL 5526323 (S.D.N.Y. Oct. 7, 2013) ................................... 4

*Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.,*
   Civ. Nos. 11-6247 (JBS/KMW), 11-7085 (JBS/KMW), 2012 WL 3638629 (D.N.J. Aug. 22,
   2012) ............................................................................................................................. 7

*Teran v. Subaye, Inc.,*
   No. 11 CIV 2614 NRB, 2011 WL 4357362 (S.D.N.Y. Sept. 16, 2011) ........................ 1, 3, 4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.,*
   589 F.Supp.2d 388 (S.D.N.Y. Dec. 10, 2008) ............................................................. 3

**Statutes**

Private Securities Litigation Reform Act

15 U.S.C. § 78u-4(a) ........................................................................................................... 5, 6, 7

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. 7

Jalmar Araujo ("Araujo" or "Movant"), respectfully submits this Memorandum of Law in further support of his motion for appointment as lead plaintiff and for approval of his selection of counsel in the above-captioned actions (the "Actions"), and in opposition to the motions of all other movants for appointment as lead plaintiff and approval of their selection of counsel.

## I.     PRELIMINARY STATEMENT

In *Teran v. Subaye, Inc.*, No. 11 CIV. 2614 NRB, 2011 WL 4357362, at *3 (S.D.N.Y. Sept. 16, 2011) (Buchwald, J.) (citing *In re Tarragon Grp. Sec. Litig.*, No. 07 Civ. 7972(PKC), 2007 WL 4302732 (S.D.N.Y. Dec. 6, 2007)), this Court found that "a proposed group must 'proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs."

Here, there are three competing motions for appointment as Lead Plaintiff.[1] Two of the movants are groups of unrelated investors who, contrary to this Court's instructions in *Teran*, have submitted no evidence of any kind that its members know they are moving as a group, can function cohesively and manage the litigation.  The likelihood is that their attorneys cobbled together these investors who returned certification forms to them and now offer them up as lead plaintiffs.  This clearly undermines the purpose of the Private Securities Litigation Reform Act ("PSRLA") which was enacted, in part, to place control of securities litigation into the hands of the clients and not the lawyers.

By failing to make even a cursory attempt to satisfy this Court's requirements that a group make some showing of cohesiveness and an ability to manage the litigation, it is likely that

---

[1] A fourth lead plaintiff motion filed by movant Paul Skittone was subsequently withdrawn. *See Exley v. MGT Capital Investments, Inc. et al.*, No. 1:16-cv-07415 (Sept. 22, 2016 S.D.N.Y.), ECF No. 16. Hereinafter, all references to ECF docket entries refer to those made in the above-captioned *Exley* action unless otherwise specified.

1

the group and its members are simply lending their names to this action, are unaware of their obligations to the proposed class as fiduciaries, and are therefore not proper lead plaintiffs. Their motions should be rejected and the individual movant with the next largest loss, Araujo, should be appointed as Lead Plaintiff.

## II.      ARGUMENT

### A.      The Competing Movants

Three lead plaintiff applications remain pending in these Actions – one by Araujo, and two by group movants:

| Individual or Group | Lead Plaintiff Candidates | Claimed Losses | Lead Counsel Selection |
|---|---|---|---|
| Individual | Jalmar Araujo | $44,853.27 | Block & Leviton LLP |
| Group | Danny T. Nguyen Song Suh | $82,926 $67,933 Total = $150,860 | Pomerantz LLP; Goldberg Law PC |
| Group | Kurt Karner Mark Waters | $119,000 $98,982 Total = $217,982 | Glancy Prongay & Murray LLP |

Araujo is the most adequate lead plaintiff movant and should be appointed lead plaintiff. The first group, Nguyen and Suh, are represented by two law firms and they submit no evidence that they know they are moving as a group, how they will function cohesively, and how they will manage the litigation and why two law firms are representing them. The other group, Karner and Waters, are represented by one law firm, but they too submit no evidence as to whether they even know they have moved as a group or how they will function cohesively and manage the litigation.

Failing to attempt to even make a bare bones effort to satisfy this Court's prior instructions about unrelated movants forming a group to be lead plaintiffs should disqualify these movants. It strongly suggests that they are unaware of the events of the litigation, their

requirements and obligations to be lead plaintiffs, and appear to have simply lent their names to their attorneys.  Because Araujo is the individual movant with the largest loss, he should be appointed lead plaintiff.

> **B.    The Group Movants Are Contrived By Their Lawyers And Should Be Disregarded**

Araujo does not dispute that both Ngyuen and Suh and Karner and Waters have larger losses than him. Both groups, however, are comprised of entirely unrelated members, and appear to have been cobbled together by lawyers to win leadership in this litigation, rendering the them inadequate.

As previously noted by this Court, "[i]t is now well-accepted that unrelated investors may aggregate their claims in order to move for appointment of lead plaintiff." *Teran*, 2011 WL 4357362, at *3 (citing *In re Tarragon,* 2007 WL 4302732). But a group movant may not be presumed adequate absent "some evidence that the members of the group will act collectively and separately from their lawyers." *In re Tarragon*, 2007 WL 4302732, at *2.

"Thus, a proposed group must 'proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs.'" *Teran*, 2011 WL 4357362, at *3 (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F.Supp.2d 388, 392 (S.D.N.Y. Dec. 10, 2008)). Courts endeavoring to determine whether group movant members have demonstrated that they will function cohesively and effectively consider "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Varghese*, 589 F. Supp. 2d at 392 (collecting cases).

3

Courts in this District routinely reject proposed lead plaintiff groups who have "no common connection other than their lawyers for purposes of calculating financial interest under the PSLRA." *In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 16-CV-02758 (PKC), 2016 WL 2986235, at *2 (S.D.N.Y. May 13, 2016) (rejecting an investor group which failed to "allege a common connection other than sharing claims held by all members of the putative class and being represented by the same lawyers"); *see also In re Razorfish, Inc. Securities Litigation*, 143 F. Supp. 2d 304, 308–09 (S.D.N.Y. May 4, 2001) (Rakoff, J.) (rejecting group as lead plaintiff because it had "no independent existence and its composite members have no prior relationship" and group was an "artifice cobbled together by cooperating counsel"); *In re Pfizer Inc. Securities Litigation*, 233 F.R.D. 334, 337 (S.D.N.Y. Oct. 21, 2005) (Owen, J.) ("Nothing before the Court indicates that this aggregation is anything other than an attempt to create the highest possible 'financial interest' figure under the PSLRA ... and I reject it."); *In re Tarragon*, 2007 WL 4302732, at *2 (rejecting two groups because they presented no evidence that "the members of the group[s] will act collectively and separately from their lawyers."); *Rosian v. Magnum Hunter Res. Corp.*, 13 cv 2668 (KBF), 2013 WL 5526323, at *3 (S.D.N.Y. Oct. 7, 2013) (Forrest, J.) (rejecting a group because it presented "insufficient evidence that the members of the group will act collectively and separately from their lawyers") (citation omitted); *Teran*, 2011 WL 4357362, at *4 (declining to recognize a group that was "cobbled together by counsel for purposes of making this motion and becoming the lead plaintiff.").

Here, neither of the groups present any evidence that their members had any common connection before assembling to move for lead plaintiff positions. Neither group submitted a joint declaration or any other statement from their members demonstrating any pre-litigation relationship, the role played by each—or any—of the groups' members in the litigation so far,

any plan whatsoever for cooperation or decision-making or that they even know they are moving as a co-lead plaintiff. The absence of this evidence demonstrates that the respective groups' members have already abdicated their decision-making roles to their lawyers, rendering them inadequate class representatives.

Groups like these defy Congress' intent in enacting the PSLRA – "to curtail the champertous vice of 'lawyer-driven' securities litigation." *City of Pontiac Gen. Employees' Ret. Sys. v. Lockheed Martin Corp.*, 844 F. Supp. 2d 498, 500 (S.D.N.Y. July 13, 2012) (citation omitted). The group movants, and their lawyers are not capable of "fairly and adequately protect[ing] the interests of the class," as required by the PSLRA, and should therefore not be considered for appointment as lead plaintiff.

The Nguyen and Suh group's inadequacy is compounded because it has failed to comply with the requirements of the PSLRA by submitting a redacted certification for one of its members—Song Suh. Section 78u–4(a)(2)(A) of the PSLRA requires lead plaintiff movant to "provide a sworn certification, which shall be personally signed by such plaintiff" setting forth, *inter alia*, "all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint."

Here, the certification of Song Suh, submitted in the above-captioned *Exley* action (ECF No. 13-2, at *5), redacts all trading data:

I, Song Suh, certify that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff's transactions in the security that is the subject of the complaint during the class period specified in the complaint are as follows:

(redacted)

Song Suh's lawyers then attach a separate page to Song Suh's redacted certification, purporting to contain Song Suh's trading data. *Id.*, at *6. Whatever Song Suh's lawyers represent as his trading data on the separate attached page is clearly not that which Song Suh swore to in his signed certification. The submission of this deficient certification is fatal to the Nguyen and Suh Group's ability to represent the Class. *Burke v. Ruttenberg*, 102 F.Supp.2d 1280, 1319 (N.D.Ala. Apr. 7, 2000) ("The certification requirement is applicable not only to those who file complaints, but to those who move to be appointed lead plaintiff. Only those plaintiffs who satisfy the certification requirement of the subsection can serve as lead plaintiff.") (citation omitted)); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 410 (D.Minn. Jan 29, 1998) ("Congress intended the provision of certifications in conjunction with a Lead Plaintiff Motion.... It would be anomalous, if not perverse, to require sworn certifications from only the plaintiffs named in a complaint, but then allow other persons to be appointed as Lead Plaintiffs, without attesting to any of the information adjudged appropriate to that standing, by Congress."). Since Suh has not attested to his trading, both he and his group's application should be rejected.

Additionally, a proposed lead plaintiff may be inadequate where it is subject to unique

defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). It is wholly unclear from Song Suh's redacted certification whether he actually made the stock purchases that his lawyers claim he has, possibly subjecting Suh, and thus his group, to unique standing defenses. *See Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.*, Civ. Nos. 11-6247 (JBS/KMW), 11-7085 (JBS/KMW), 2012 WL 3638629, at *12–13 (D.N.J. Aug. 22, 2012) (denying motion to appoint lead plaintiff where movant was "subject to unique defenses regarding untimely filing and lack of certification"). Thus, neither of the group movants are adequate class representatives and should be disregarded.

### C.    Araujo Should Be Appointed Lead Plaintiff

As set out above, the groups have failed to demonstrate that they will meet their burden as class representatives by showing that they can act separately from their respective attorneys in controlling this litigation.

That leaves Araujo as the only remaining, qualified proposed class representative. Araujo suffered $44,853.27 in losses. Hence, Araujo, as the qualified movant with the largest losses, is presumed the most adequate lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Moreover, as set out in his opening memorandum, Araujo is otherwise typical and adequate as required by 15 U.S.C. §78u-4(a)(3)(B)(iii). *See Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.,* 252 F.R.D. 188, 191 (S.D.N.Y. Aug.6, 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met."). Araujo satisfies the typicality requirement of Rule 23 because, just like all other class members, he (1) transacted in MGT securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Araujo's claims, like those of all other members of the class, arise out of the same course of events and are based on the same

legal theories. Thus, Araujo's interests and claims are in all respects "typical" of the interests and claims of the class.

Furthermore, Araujo will more than adequately represent the interests of the class. As detailed in his opening memorandum, there is no conflict between the interests of Araujo and those of the other members of the class. Additionally, Araujo's significant individual losses provide "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. Jan. 18, 2007).

## III.   CONCLUSION

For all the foregoing reasons, Araujo respectfully requests that the Court appoint him as Lead Plaintiff in the Actions and approve his selection of Block & Leviton as Lead Counsel and Wolf Haldenstein as Liaison Counsel.

Dated: December 5, 2016                     Respectfully submitted,


**WOLF HALDENSTEIN ADLER FREEMAN HERZ LLP**

By: s/ Gregory M. Nespole
Gregory Mark Nespole
270 Madison Avenue
New York, NY 10016
(t) (212) 545-4600
(f) (212) 686-0114
GMN@whafh.com


**BLOCK & LEVITON LLP**
Jeffrey C. Block
Steven P. Harte
Bradley J. Vettraino
155 Federal Street, Suite 400
Boston, Massachusetts 02110
(t) (617) 398-5600
(f) (617) 507-6020

*Counsel for Lead Plaintiff Movant Jalmar Araujo and Proposed Lead Counsel for the Class*